UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HODESS BUILDING CO., INC., <br>     Plaintiff <br><br> v. <br><br> UNITED STATES FIDELITY AND <br> GUARANTY COMPANY, <br><br>     Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> )    C.A. No.05-10880 GAO <br> ) <br> ) <br> ) <br> ) |

**AUTOMATIC DISCLOSURE STATEMENT PURSUANT TO FED. RULE CIV. P. 26(A)**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and L.R. 26.2(A), Defendant United States Fidelity and Guaranty Company ("USF&G") hereby makes the following disclosures based on its present knowledge of the facts of this case:

**GENERAL OBJECTIONS**

USF&G objects generally to any claim or suggestion that it has any obligation to produce information or documents other than those properly required under the Rules of Civil Procedure, and further objects to any aspect of this process that may be argued to broaden the scope of the pleadings, either directly or by implication. USF&G likewise objects to any provision alleged to impose upon it an obligation to divulge any material protected by any privilege, including without limitation the work-product protection and the attorney-client privilege.

These objections are specifically incorporated into each disclosure below, as if set forth therein. Where USF&G decides to provide information in spite of an objection, it does so without prejudice or waiver. Any such disclosure does not amount to an admission or concession as to the merits of any opposing parties' entitlement thereto or of USF&G's objection

thereto under any circumstances. USF&G reserves the right to supplement this response as additional information becomes known through the discovery process.

Without waiving and subject to these general objections, USF&G hereby provides the following automatic disclosures:

A.  PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT USF&G MAY USE TO SUPPORT ITS CLAIM AND DEFENSES AND THE SUBJECT OF SUCH INFORMATION

    1.    Janice Smith, Esquire
           St. Paul Travelers
           111 Schilling Road
           Hunt Valley, MD 21030
           (443) 353-2089

<u>Subject of Information</u>:

Knowledge and information concerning the investigation, completion, Takeover Agreements, substantial completion, and all aspects of the investigation between and among Hodess Building Co., Inc., Hartford Roofing Company, Titan Roofing, Alcott School Building Committee and/or its town officials, and the various consultants used by USF&G regarding the project which is the subject of this lawsuit.

Knowledge and information concerning USF&G's rights and obligations under the bonds.

USF&G's investigation of the Town of Concord's (the "Town's") demand and Hodess Building Company Inc.'s ("Hodess") demand under the performance bond.

USF&G's communications with Hartford Roofing, the Town, Titan Roofing, and others (including consultants and contractors) regarding completion, punchlists, and warranty, of the Project.

USF&G's inspection of the Project through its consultants.

USF&G's rights under the performance bond.

USF&G's rights under the Takeover Agreement.

USFG's plans and arrangements for completing work on the Project.

Hodess' demand upon USF&G under the performance bond.

Communications with the Town regarding issues such as defaults, terminations, and USF&G's decision to enter into a Takeover Agreement and ratify certain subcontracts.

Information and communications relative to the Project.

Information regarding requisitions for payment issued to the Town by USF&G.

Requisitions and payment history by USF&G to Titan Roofing and other subcontractors, vendors, and consultants.

    2.    Lee Simon, Vice President
           Hartford Roofing
           170 Front Street
           West Haven, CT

Subject of Information:

Knowledge and information of the project regarding its default in termination under the contract with Hodess.

    3.    Peter Baruffaldi, Project Manager
           Titan Roofing Company
           7 Orange Street
           Chicopee, MA

Subject and Information

Titan scope of work under the completion contract.

Titan's scope of work under the completion contract.

Titan's completion of the Project, punchlist, warranty and any other remediations.

Titan's use of subcontractors if applicable.

Titan's cost to complete.

    4.    Michael A. Hillcoat, P.E.
            John Lovett
            Manuel J. Dela Vega
            Allen T. Senckowski
            Lovell – Silverman Construction Consultants, Inc.
            Stoughton, MA

Subject of Information:

USF&G's investigation of Hodess' demand under the performance bond.

USF&G's communications with Hartford Roofing, the Town, Titan Roofing, Inc. and others (including consultants and contractors) regarding completion, punchlists, and warranty, of the Project.

USF&G's inspections of the Project.

USF&G's plans and arrangements for completing work on the Project.

Information and communications relative to the Project.

Information regarding requisitions of payments issued.

Requisitions and payment history by USF&G to the various subcontractors, vendors, and consultants.

USF&G's investigation as to Hodess' claims for liquidated damages.

    5.    Bill Pacheco, former Project Manager
            Allen Sasodoorian, former director of construction
            Brian Hodess
            Blake Hodess
            Hodess Building Company
            100 John L. Dietsch Square
            North Attleboro, MA

Subject of Information

Knowledge and information concerning the contract between the Town and Hodess, the completion by any and all subcontractors, including but not limited to Hartford Roofing and its

subcontractors, substantial completion, warranty claims issues, completion of the Project in general, liquidated damages and all facts assets of the Project including all communications thereto.

      6.    Project Architect
             Symms, Maini and McKee Associates ("SMMA")
             100 Massachusetts Avenue
             Cambridge, MA

Subject of Information:

Observations regarding Hartford Roofing's and Hodess' workmanship at the site.

Observations regarding Hodess, Hartford Roofing, Titan Roofing, and any and all subcontractors and suppliers at the Project.

Observations regarding punchlists at the Project.

Observations regarding remediations at the Project.

      7.    John Marcone
             Gilbert and Becker Company, Inc.
             16 – 24 Clapp Street
             Dorchester, MA

Subject of Information:

Knowledge and information regarding the interim completion agreement entered between Gilbert and Becker and USF&G after termination of Hartford Roofing.

      8.    Donald Doneski, Esquire
             Town Counsel
             Kopelman and Paige, P.C.
             31 St. James Avenue
             Boston, MA  02116

Subject of Information:

Knowledge and information concerning Hodess, Hartford Roofing, the Architect (SMMA), completion and its obligations of the Town.

      9.      Christopher Whelan
             Town Manager
             Members of the Alcott School Building Committee
             Fred Wersan, Andy Berman, Frank Cannon, Jim Terry, Kitsy Rottleman, Ian Gillespie, Dan Gainsborough

Subject of Information:

Knowledge and information concerning Hodess, Hartford Roofing, the Architect (SMMA), completion and its obligations of the Town.

      10.     Joseph J. Reale, Jr., Esquire
             30 Kennedy Plaza, Suite 400
             Providence, RI

Subject of Information:

Knowledge and information concerning Hodess Building Company, and its obligations with the Town.

B.    DOCUMENTS IN USF&G'S POSSESSION, CUSTODY OR CONTROL THAT MAY BE USED TO SUPPORT USF&G'S CLAIMS OR DEFENSES

The following is a list of categories of documents within the possession, custody or control of USF&G or its counsel at this time relating to the current civil action generally: it includes, without prejudice, those documents that USF&G believes to be related to issues alleged in the pleadings and includes those documents properly available to opposing parties. The listing of any document category or the production of any document does not amount to a waiver by USF&G or any available privilege or protection, each of which is specifically reserved.

Non-privileged correspondence between and among USF&G, Concord, SMMA, Lovett – Silverman Construction Consultants Inc., Hartford Roofing Company, Titan Roofing, Gilbane, and representatives of each;

Non-privileged documents generated by USF&G, Concord, SMMA, Lovell – Silverman Construction Consultants, Inc., Hartford Roofing Company, Titan Roofing, Gilbane, and representatives of each;

Correspondence and agreements between, USF&G, Concord, SMMA, Lovell – Silverman Construction Consultants, Inc., Hartford Roofing Company, Titan Roofing, Gilbane and representatives of each; and

Non-privileged notes and memoranda maintained by USF&G.

Copies of the aforementioned documents are currently maintained at the offices of USF&G's counsel in this case.

Computation of damages

All requisitions, invoices and checks will be made available pursuant to the above.

Insuring agreements

USF&G is not aware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this case.

        Respectfully Submitted,
United States Fidelity and Guaranty Company,
By its attorneys,


/s/ Paula-Lee Chambers_____
Bradford R. Carver, BBO#565396
Paula-Lee Chambers, BBO#566888
Hinshaw & Culbertson LLP
One International Place, 3rd Floor
Boston, MA  02110
(617) 213-7000


## CERTIFICATE OF SERVICE

    I, Paula-Lee Chambers, Esquire, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 10, 2006.


        /s/ Paula-Lee Chambers_____

34018515v1 856163